FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 OCT 31  PM 4: 13

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MD M. AHMED and
SAJADA BEGUM
    Plaintiffs,

CASE NO.: 6:16-cv-1900-ORL-22KRS

v.

JAMAL TURK and
HKM3 LLC,
    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiffs, MD M. AHMED and SAJADA BEGUM, bring this lawsuit against the Defendants, JAMAL TURK and HKM3 LLC ("HKM3") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay lawful compensation.

### INTRODUCTION

    1.    Overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

    2.    Plaintiffs worked for Defendant from January 1, 2015 to March 1, 2016.

    3.    Plaintiffs each regularly worked in excess of forty (40) hours per workweek.

    4.    Defendants failed to maintain accurate time records and failed to properly pay overtime and minimum wage as required under the FLSA.

1



5.      Defendants willfully and intentionally failed to pay lawful overtime and minimum wages owed under the FLSA.

6.      Plaintiffs sue Defendants for failing to compensate them at the applicable minimum wage rate for all hours worked and for failing to compensate them at the applicable overtime rate for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§ 201-219, inclusive.

8.      This Court has personal jurisdiction over Defendants who are engaged in business within Orange County, Florida and also reside within this District.

9.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because acts complained of herein took place in this District.

## FACTUAL ALLEGATIONS

10.      Defendant, HKM3, is a for-profit corporation, licensed in the State of Florida, which owns and operates a gas station with retail convenience store, at its principle place of business at 4135 W Colonial Dr., Orlando, FL 32808.

11.      Defendant, HKM3, conducts substantial business in Florida and regularly utilizes instrumentalities of interstate commerce.

12.      Defendant, HKM3, regularly employs numerous employees, commonly called clerks or gas station attendants.

13. Defendant, HKM3, is an "employer" as defined by 29 U.S.C. § 203(d).

14. At all times relevant to this action, Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

15. Defendant, HKM3, has employees subject to the provisions of the FLSA in the facility where Plaintiffs were employed.

16. Defendant, HKM3, employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce", and "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person", as defined by 29 U.S.C. §203(s)(1)(A)(i).

17. Defendant, HKM3, is an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA.

18. Plaintiff reasonably believes that during Plaintiffs' employment, Defendant, HKM3, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

19. Defendant, JAMAL TURK, owned and operated HKM3 at all times material to this action.

20. Defendant, JAMAL TURK, personally supervised the Plaintiffs and other employees at the business location.

21. Defendant, JAMAL TURK, was acting directly or indirectly in the interest of Defendant, HKM3, in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work.

22. Defendant, JAMAL TURK, at all material times, performed the duties of a statutory employer including but not limited to: setting pay rates, changing pay rates, setting work schedules,

3

allotting specific hours worked, setting quotas, and directing job duties and tasks.   Thus, he is a statutory employer under 29 U.S. C. § 203(d).

23.     At all times relevant to this action, Plaintiffs resided in Orange County, Florida.

24.     Plaintiffs worked as attendants or clerks at Defendants' store location in Orange County from approximately January 1, 2015 until March 1, 2016.

25.     Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

26.     Plaintiffs were employees of Defendants and at all times relevant to violations of the FLSA and were engaged in commerce as defined by the FLSA.

27.     Plaintiffs regularly and customarily worked well in excess of forty (40) hours per workweek on behalf of Defendants.

28.     Plaintiffs were paid an hourly rate for some but not all of the work performed.

29.     Plaintiffs' responsibilities and actual circumstances of work, which included stocking inventory, cleaning, greeting customers, , performing cashier transactions, and other tasks, make clear that they were not exempt under the FLSA.

30.     Plaintiffs' schedule was set by Defendants and they were required to stay additional time over and above what the schedule dictated in order to accommodate the Defendants' walk-in customers.

## WAGES DUE UNDER THE FLSA
### *Minimum Wage and Overtime Violations*

31.     As cited above, Plaintiffs regularly and routinely worked in excess of forty (40) hours per workweek for Defendants.

32.     Plaintiffs did not receive all compensation owed for hours worked in excess of forty (40) hours in any given workweek.

33.     Furthermore, Plaintiffs did not receive the applicable statutory minimum wage rate under Federal law for all hours worked during any given workweek.

34.     Further compounding the foregoing *Minimum Wage* and *Overtime* violations, Defendants failed to maintain adequate time and pay records pertaining to Plaintiff.

35.     All employers subject to the FLSA must maintain and preserve records describing the wages, hours and working conditions of their employees.

36.     To the extent records are unavailable, Plaintiffs may establish the hours worked solely by testimony and the burden of overcoming such testimony shifts to the Defendants. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

37.     Defendants' failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999).

38.     Defendants knowingly and willfully failed to pay Plaintiffs overtime compensation at the appropriate legal rate for all hours of work performed on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §207.

39.     The conduct alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40.     Due to Defendants' willful FLSA violations, Plaintiffs allege damages and are entitled to recover from Defendant unpaid wages in the form of minimum wages and the unpaid overtime compensation, plus an additional equal amount as liquidated damages,

prejudgment interest, reasonable attorneys' fees, costs, and any other remedy available under the FLSA.

WHEREFORE, Plaintiffs demands judgment against Defendants, jointly and severally, for the following:

a.   Defendants are found in violation of the overtime and minimum wage compensation provisions of the FLSA and that the Court finds that Defendants' violations of the FLSA were and are willful;

b.   They receive compensation of at least the minimum wage level for all the previous hours worked plus compensation for all hours worked over forty (40) hours in each week, where they did not receive a rate of at least one and one-half time compensation, during the past three years, and liquidated damages of an equal amount of the unpaid overtime compensation; in addition interest on said award pursuant to § 216 of the FLSA.

c.   That the Court award attorneys' fees and costs pursuant to § 216 of the FLSA; and

d.   That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues and questions of fact raised by this Complaint.

Dated: <u>October 28, 2016</u>

Respectfully submitted,

N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
Telephone: (407) 835-8968
Facsimile: (407) 835-8969