UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MD M. AHMED and
SAJADA BEGUM
      Plaintiffs,

v.

JAMAL TURK and
HKM3 LLC,
      Defendants.

CASE NO.: 6:16-cv-1900-Orl-22KRS

_____/

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs, MD M. AHMED and SAJADA BEGUM, and Defendants, JAMAL TURK and HKM3 LLC, by and through undersigned counsel and pursuant to Local Rule 3.01(g), jointly renew their request that this Honorable Court approve the settlement reached by the parties and dismiss the instant action with prejudice and reserve jurisdiction to enforce the terms of the settlement. In support thereof, the parties state as follows:

1.      On April 3, 2017, this Honorable Court entered its Report and Recommendation (Doc. 19) denying without prejudice the parties Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. 18).

2.      The Court authorized filing a renewed approval motion with an amended settlement agreement which does not include a provision that permits the parties to amend the agreement after approval[1] and also to either: (a) modify the Agreement so that it does not include

_____

[1] Although the Parties understand that the original agreement could be read to allow for modification subsequent to approval, this was not the Parties intent. In other words, the Parties

impermissible non-cash concessions; or (b) explain why the Agreement comports with *Lynn's Foods*.

3.      Thus, pursuant to the Report and Recommendation, the Parties removed the Agreement's modification language. Additionally, the Parties agreed to remove the non-cash concessions.

4.      As previously cited, Plaintiffs are a lawfully married husband and wife who were employed as convenience store clerks for the Defendants from approximately January 1, 2015 until March of 2016.[2]

5.      Plaintiffs allege violations of the overtime and minimum wage provisions of the Fair Labor Standards Act of 1938 (the "FLSA").

6.      On or about June 24, 2016, the parties, through their respective counsel, began pre-suit settlement discussions pertaining to the allegations raised in this matter.  Over the next 90 days, settlement conferences were conducted and pertinent documents were exchanged. Nevertheless, the settlement dialogue eventually stalled.

7.      On October 31, 2016, Plaintiffs filed a Complaint against Defendants.

8.      On or about January 20, 2017, Defendants filed an Answer and Affirmative Defenses denying the claims and asserting affirmative defenses that if prevailed on, would have acted as a complete bar to wages owed, liquidated damages, and any other relief.

---

agree that a *Lynn's Foods* review cannot, nor should not, be circumvented through "post hoc modifications of an already-approved agreement." (Doc. 19).
[2] Plaintiffs believe these dates encompass the entire period of their employment with Defendants. However, Defendants actually posit the Plaintiffs were employed for *more* weeks than they are claiming. This peculiarity which results in a reversal of positions usually taken by respective parties in FLSA matters is most likely the result of the lack of written records associated with this employment relationship.  In spite of this phenomenon, or perhaps because of it, the Parties have agreed to disagree on some individual issues, but compromise the case as a whole.

9.      Subsequent to the filing of the Answer, the parties resumed settlement discussions pursuant to the FLSA scheduling order.

10.     After thoroughly considering the evidence, the Parties reached a fair and reasonable settlement of Plaintiffs' claims.

11.     The Parties now seek approval from the Court since FLSA claims were compromised in the settlement.  A copy of the Amended Settlement Agreement is attached as Exhibit "A."

12.     The settlement provides that Defendant, HKM3, shall pay to Plaintiffs the total sum of Seventeen Thousand Five Hundred Dollars and No Cents ($17,500.00), itemized as follows:

a) Plaintiff Ahmed will receive the total sum of $6,500.00. Of this amount, $3,250.00 represents back wages owed and $3,250.00 represents liquidated damages. Based on Defendants' need, the parties also agreed to disburse the payments equally over six (6) months with the attorney's fees to be paid last.

b) Similarly, Plaintiff Begum will receive the total sum of $6,500.00. Of this amount, $3,250.00 represents back wages and $3,250.00 represents liquidated damages. Based on Defendants' need, the parties also agreed to disburse the payments equally over six (6) months with the attorney's fees to be paid last.

c) Plaintiffs' attorneys will receive $4,500.00 for attorneys' fees and costs which were negotiated separately and without regard to the amounts paid to the Plaintiffs. The payments will be made pursuant to the Agreement's payment plan and occur *after* Plaintiffs have been fully compensated pursuant to the Agreement.

13.    As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute.

## II.    Legal Analysis

14.    In *Bonetti*, which this Honorable Court follows as precedent,[3] the Court outlined an expedited procedure for approving FLSA settlements. *See Bonetti v. Embarq*, 715 F.Supp.2d 1222, 2009 WL 2371407 *5 (M.D. Fla. 2009). *Bonetti* requires the Parties to advise the Court: (1) that the settlement constitutes a compromise of the plaintiff's FLSA claims; (2) of the terms of the settlement, to include the factors and reasons considered in reaching the same and justifying the compromise of the plaintiff's claims; and (3) that plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff. *Id.* If the foregoing is provided to the Court by the Parties and the settlement is patently reasonably, the Court will approve the settlement without a lodestar inquiry. *Id.*[4]

15.    The Parties agree that the settlement constitutes a compromise of the Plaintiffs' FLSA overtime claims. *See Bonetti*, 2009 WL 2371407 *5.

16.    The terms of the settlement are contained in exhibit "A" to this motion. The factors considered in the compromise of Plaintiffs' claims include the Plaintiffs' ability to prove

---

[3] *See Cruz. v. Winter Garden Realty, LLC*, Case No. 12-cv-01098-ACC-KRS (M.D. Fla 2013)(Magistrate Spaulding applying *Bonetti*) *adopted and approved*, (M.D. Fla. Sept 3, 2013)(Judge Conway); *See also Diaz v. Orthomedx Corp.*, 2011 WL 5877032 *2 (M.D. Fla. Nov. 3, 2011)(Magistrate Spaulding applying *Bonetti*), *adopted and approved*, 2011 WL 587022 (M.D. Fla. Nov. 23, 2011)(Judge Conway); *see also Borgard v. 7-Eleven, Inc.*, 2011 WL 241384 *3 (M.D. Fla. June 8, 2011)(Magistrate Kelly applying *Bonetti*), *adopted and approved*, 2011 WL 2357880 (M.D. Fla. June 10, 2011)(Judge Conway).

[4] Prior to *Bonetti*, the starting point for Courts in the District to determine the reasonableness of an FLSA settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) was to conduct a lodestar analysis of Plaintiff's attorney fees. *See Bonetti*, 2009 WL 2371407 *4.

their *prima facie* case and Defendants' Affirmative Defenses.   To establish a claim under the
FLSA, a plaintiff must demonstrate: (1) an employer and employee relationship; (2) individual
coverage or enterprise coverage ("Coverage"); and (3) the defendant failed to pay the plaintiff
the minimum wage and/or overtime required by law.   *See* Eleventh Circuit Pattern Jury
Instruction- Civil 4.14 (2013); *see also Kwasnick v. Charlee Family Care Service of Cent.
Florida, Inc.*, 2009 WL 1607809 *3 (M.D. Fla. June 9, 2009).

17.   Plaintiffs evaluated the evidence and concluded the likelihood of proving all the
elements of the claim weighed heavily in favor of compromise.

18.   Plaintiffs considered whether Defendant Turk was a statutory employer and
therefore subject to judgment since Defendants denied this allegation.  (*See* Doc 9, Par. 22).
Plaintiffs also considered the probability that Plaintiffs could prevail in proving "coverage." (*See
Generally* Doc. 9, Defendants' Answer which denies coverage under FLSA).   Plaintiffs further
considered probability of proving "interstate commerce" element for enterprise coverage and the
sufficiency of Defendants' gross dollar volume.   *See* 29 U.S.C. § 207(a); 29 U.S.C.
§203(s)(1)(A)(i)-(ii).

19.   Plaintiffs next considered the ability to prove knowledge of the overtime worked
as is required under case law. *See Fletcher v. Universal Tech. Inst., Inc.,* 2006 WL 2297041 *1
(M.D. Fla. June 15,2006)("a plaintiff must show that his employer had knowledge … of his
overtime worked."). Defendants denied knowledge of any uncompensated work. (See Doc. 9 at
Defendants' Tenth Affirmative Defense). Additionally, Plaintiffs considered the ability to prove
the amount of hours suffered or permitted to work since much of the claim was for "off-the-

clock" hours.   There were no time records and no formal system of timekeeping was implemented. In short, the testimony would result in the classic *he said, she said* scenario.

20.   Next, the Parties disagree regarding the amount of compensation Plaintiffs already received from the Defendants.   A thorough review showed that all payroll records in existence consist of handwritten notes. Each side has their own version of what, if anything, these records reflect.   Defendants allege Plaintiffs received all moneys owed to them and thus Defendants are entitled to a setoff for any overpayment of wages made. (*See* Doc. 9 at Defendants' Thirteenth and Fifteenth Affirmative Defenses).   Furthermore, there are no written employment agreements and the oral contracts were formed between the parties, without the help of legal counsel. These facts will pose significant hurdles to each side in litigation.   As such, the range of possible recovery is open to dispute and these factors weigh heavily in favor of settlement.

21.   Another factor considered by Plaintiffs was the viability of Defendants' "good faith" defense. (*See* Doc. 9 at Defendants' Seventh Affirmative Defense).

22.   The benefit conferred to the Plaintiffs of receiving compensation expeditiously was also considered. As husband and wife, Plaintiffs are the only source of income for their household which includes three children, one of whom is a minor.   Likewise, consideration was given to the Defendants financial ability to endure lengthy litigation. Plaintiffs also seriously considered the likelihood of actually collecting on any judgement entered against Defendants following protracted litigation. As a result, the Parties agree that the settlement reached is a reasonable means for both parties to minimize future risks and litigation costs.

23.     Based on a reasonable and just inference, Plaintiff Ahmed estimates he is owed as much as $7,254 in overtime wages. This is based on an estimate of up to thirty (30) hours of uncompensated overtime each week. Under the Agreement's terms, Plaintiff Ahmed will receive a sum equal to almost all of the overtime wages he originally believed he was owed but no liquidated damages and no compensation for minimum wage claims[5]. When considering the factors outlined *supra*, especially the ability to prove coverage, the amount of wages already paid, and the viability of Plaintiff's claimed hours, this compromise, at this juncture, is reasonable.

24.     Plaintiff Begum believes she is owed up to thirteen (13) hours of uncompensated overtime each week. Under the terms of the Agreement, she will receive all the overtime wages owed plus an equal sum of liquidated damages but no compensation for her minimum wage claims.[6]

25.     Given all of the factors considered in this case, the Parties agree that the settlement achieved is a fair and reasonable resolution of a bona fide dispute over the FLSA. Plaintiffs also agree that they have entered into the settlement knowingly and voluntarily and after having the opportunity to fully discuss the issues with their counsel. *See generally King v. Wells Fargo Home Mortg.*, Case No.: 2:08-cv-307-FttM-29SPC, 2009 U.S. Dist. LEXIS 65721,

---

[5] The possible range of recovery for minimum wages owed diminished since this matter was initially raised. If the Defendants' records are correct, Plaintiff is owed nothing for his minimum wage claim. Although Plaintiff still disagrees with Defendants' records regarding wages previously paid, Plaintiff Ahmed focused on overtime wages since these damages were reliably calculated using the time and one half of the applicable minimum wage rate method for hourly workers.

[6] Similar to her husband's position, there is enough dispute on the amounts of money Plaintiff Begum may have previously received to abandon this claim in favor of settlement. If the Defendants' records are correct, Plaintiff is owed nothing for her minimum wage claim.

2009 WL 2370640, *2 (M.D. Fla. July 30, 2009) ("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA."). *Hernandez v. Avalon Grp. Se., LLC,* No. 6:12-cv-99-Orl-22TBS, 2012 U.S. Dist. LEXIS 131392, 2012 WL 4052351, at *2 (M.D. Fla. Aug. 28, 2012) (finding compromise of claims and waiver of liquidated damages reasonable where disputed issues were significant and parties were represented by counsel).

26.     Plaintiffs and Defendants have been represented by experienced FLSA counsel in an adversarial context, thus, demonstrating the reasonableness of settlement. *See Bonetti*, 715 F.Supp.2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

27.     The Parties acknowledge that the Plaintiff's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff. *Id.* Counsel for the Parties negotiated the attorney's fees and costs separately arriving at $4,500.00 based on the time and money spent to date in this matter.     Additionally, Plaintiffs' counsel will not be compensated until Plaintiffs receive their unpaid wages and liquidated damages.     "Thus, Plaintiffs' attorneys are bearing the brunt of any risk of default." *Holton, et al. v. Triple S Plumbing, Inc.* 3:14-cv-995-BJD-JBT (M.D. Fla. 2016) at 13. This fact further demonstrates that the fees and costs were agreed upon separately and reasonable. Id.

28.     With respect to non-cash concessions, the Parties agreed to remove the mutual and unilateral non FLSA related stipulations.     Although the Parties acknowledge these

concessions may be allowable in some FLSA settlements[7], to expedite the approval process, the Parties elected to simply remove the stipulations.

29.     Last, the Parties acknowledge that "Courts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement." *Santiago-Valle v. Transition House, Inc.,* Case 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at *12 (M.D. Fla. Dec. 10, 2015).  However, unlike other cases before this Honorable Court, the settlement payments in this matter are scheduled to be disbursed over a six (6) month period.  Furthermore the Parties have not agreed to a consent judgment. Therefore, the Parties humbly request the Court retain jurisdiction for a period of six (6) months to enforce the terms of this agreement only.  However, should the Court decline to retain jurisdiction, the Parties would humbly request this Settlement be approved and the matter dismissed with prejudice.

### III. CONCLUSION

WHEREFORE, Plaintiffs, MD M. AHMED and SAJADA BEGUM, and Defendants, JAMAL TURK and HKM3 LLC,   respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiffs' FLSA claims; (iii) DISMISSING this case with prejudice; (iv) RETAINING JURISDICTION to enforce the terms settlement; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated: April 17, 2017

Respectfully Submitted,

---

[7] For example, where a plaintiff indicates a lack of desire for re-employment, the inclusion of a waiver of future employment does not render the settlement unfair. *Robertson v. Ther-Rx Corp.,* Case No. 2:09-cv-1010-MHT (WO), 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011).

/s/ Carlos J. Burruezo, Esq.
CARLOS J. BURRUEZO, ESQ.
Florida Bar Number 843458
carlos@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.290
Attorney for Defendants

/s/ N. Ryan LaBar, Esq.
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
rlabar@labaradams.com
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)
Attorney for Plaintiffs