MD M. AHMED and SAJADA BEGUM,

        **Plaintiffs,**

**v.**                                  **Case No:   6:16-cv-1900-Orl-22KRS**

JAMAL TURK and HKM3, LLC,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 20)** |
| **FILED:** | **April 17, 2017** |

## I.   BACKGROUND.

On October 31, 2016, Plaintiffs MD M. Ahmed and Sajada Begum filed a complaint against Defendants Jamal Turk and HKM3 LLC.   Doc. No. 1.   In the complaint, Plaintiffs asserted that Defendants violated the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.   Id.*   Plaintiffs contended that they were entitled to unpaid minimum wage and overtime compensation, as well as liquidated damages.   *Id.*

On March 29, 2017, the parties filed a motion informing the Court that they had settled the claims asserted in this case and requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 18.   I

denied that motion without prejudice for two reasons. First, the agreement contemplated that it could be modified in writing by the parties, thus depriving the agreement of the requisite finality. Doc. 19, at 3. Second, the agreement included other non-cash concessions (such as a confidentiality agreement, a non-disparagement provision, a no-reemployment provision, and a clause prohibiting Plaintiffs from ever visiting or entering any HKM3 location at any time in the future), which potentially undermined its fairness. *Id.*

On April 17, 2017, the parties filed a renewed motion for approval of an amended settlement agreement. Doc. No. 20. The parties stipulate to an order approving their settlement. Because Defendants will be paying the settlement amounts over the course of six months, they ask that the Court retain jurisdiction for period of six months to enforce the terms of the settlement agreement. Alternatively, if the Court declines to retain jurisdiction, they ask that the Court dismiss this case with prejudice. *Id.* at 9. The amended settlement agreement removed the provision permitting modification of the agreement in writing and removed the non-cash concessions. Doc. No. 20-1. The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

III.    **ANALYSIS.**

    *A.    Whether Plaintiffs Have Compromised Their Claims.*

Under the amended settlement agreement, Defendants will pay Plaintiffs a total of $17,500.00, allocated as follows:

- $3,250.00 to Plaintiff Ahmed for unpaid wages;

- $3,250.00 to Plaintiff Ahmed for liquidated damages;

- $3,250.00 to Plaintiff Begum for unpaid wages;

- $3,250.00 to Plaintiff Begum for liquidated damages;

- $4,500.00 to Plaintiffs' attorneys for fees and costs.

These payments will be made over the course of six months.   Doc. No. 20-1, at 4-5.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

The parties settled this case before Plaintiffs filed their answers to the Court's FLSA Interrogatories. In their motion for settlement approval, however, they have explained how they calculated they calculated their original claimed damages. Plaintiff Ahmed estimated that he was owed $7,254 in overtime wages, plus an equal amount in liquidated damages. Doc. No. 20, at 7. Because he will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

Plaintiff Begum estimated that she was owed up to 13 hours of uncompensated overtime each week. Under the terms of the settlement agreement, she will receive all the overtime wages she claimed, plus an equal sum in liquidated damages. This amount is less than the amount to which she originally claimed entitlement because she originally also claimed entitlement to unpaid minimum wages. *Id.* at 7. Because she will receive less than the amount to which she claimed she was entitled under the FLSA, she has compromised her claim within the meaning of *Lynn's Food*.

  B. *Whether the Compromise Is Fair And Reasonable.*

Because Plaintiffs have compromised their claims, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, including (1) whether the FLSA applied to Plaintiffs' employment with Defendants; (2) whether Defendants had knowledge of Plaintiffs' unpaid overtime hours; (3) the number of hours Plaintiffs worked; (4) whether Plaintiffs could establish a claim for unpaid minimum wage; and (5) the amount of compensation Plaintiffs had already received from Defendants. *Id.* at 5-7. These facts adequately explain the circumstances giving rise to the settlement agreement and the reasons for the compromise. Moreover, the parties were represented by counsel throughout settlement negotiations. Accordingly, I recommend that the Court find that the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are

represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiffs have compromised their FLSA claims, the Court must consider whether the payment to their attorneys is reasonable, to ensure that the fees and costs to be paid to her attorneys did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $4,500.00. Doc. No. 20-1, at 5. Counsel represent that this amount was negotiated separately from Plaintiffs' recovery and without regard to the amount paid to Plaintiffs. Doc. No. 20, at 8. In the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiffs' counsel will receive is reasonable and does not taint the amount Plaintiffs agreed to accept for resolution of their FLSA claims. *See Bonetti*, 715 S. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiffs' release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). The release in the amended settlement agreement is narrowly tailored to release Plaintiffs' FLSA claims, which are the only claims advanced in this lawsuit. Doc. No. 20-1, at 5. Accordingly, I recommend that the Court find that the release does not undermine the fairness or reasonableness of the settlement agreement.

*E.      Whether the Court Should Retain Jurisdiction to Enforce the Settlement.*

Finally, the parties have asked the Court to retain jurisdiction over this case for a period of six months for purposes of enforcing the settlement agreement.  Doc. No. 20, at 9.  They ask that the Court retain jurisdiction because Defendants will be paying the settlement amounts over the course of six months.  *Id.*  "Courts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement."  *Schisler v. Sam's West, Inc.*, No. 6:15-cv-517-Orl-22KRS, 2016 WL 2866216, at *3 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted by* 2016 WL 2854273 (M.D. Fla. May 16, 2016) (quoting *Santiago-Valle v. Transition House, Inc.¸* No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS, at *12 (M.D. Fla. Dec. 10, 2015), *report and recommendation adopted by* 2015 U.S. Dist. LEXIS 169420 (M.D. Fla. Dec. 19, 2015)).  Here, the fact that Defendants will be paying the settlement amounts over the course of six months does not appear to be a sufficient reason for the Court to retain jurisdiction. The parties may resort to the state courts if either side breaches the terms of the amended settlement agreement.  *See generally Kokkonen v. Guarian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) ("[E]nforcement of the settlement agreement is for state courts . . . .").  Accordingly, I recommend that the Court deny the parties' request and, instead, grant their alternative request to dismiss this case with prejudice.

## IV.     RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in part** the Renewed Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. No. 20);

2. **FIND** that the parties' amended settlement agreement (Doc. No. 20-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3.      **DECLINE** to reserve jurisdiction to enforce the amended settlement agreement;

4.      **PROHIBIT** counsel from withholding any portion of the $6,500.00 payable to Plaintiff Ahmed or the $6,500.00 payable to Plaintiff Begum pursuant to a contingent fee agreement or otherwise;

5.      **DISMISS** the case with prejudice; and

6.      **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 20, 2017.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy